47 F.3d 1156
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
 Angel TORRES-LOPEZ, Plaintiff, Appellant,
v.
UNITED STATES OF AMERICA, Defendant, Appellee.
 No. 94-1876
 United States Court of Appeals,
First Circuit.
 Feb. 23, 1995
 
 Appeal from the United States District Court for the District of Puerto Rico [Hon. Jaime Pieras, Jr., Senior U.S. District Judge ]
 Angel Torres-Lopez on brief pro se.
 Guillermo Gil, United States Attorney, and Salixto Medina-Malav e, Deputy Chief, Criminal Division, United States Attorney's Office, on brief for appellee.
 Before TORRUELLA, Chief Judge, SELYA and BOUDIN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner Angel Torres-Lopez appeals the denial of a motion pursuant to 28 U.S.C. Sec. 2255 to vacate his judgment of conviction. After carefully reviewing the record and the briefs of the parties, we affirm the judgment of the district court for the reasons stated in its Opinion & Order dated July 14, 1994. We add only two comments.
 
 
 2
 1. On appeal, petitioner avers that the district court abused its discretion in failing to hold a hearing on the Sec. 2255 petition. First, petitioner did not raise this issue below. In any event, we do not find any merit to it. Where a Sec. 2255 motion arguably is adequate on its face, a hearing is not necessary if the motion is "conclusively refuted as to the alleged facts by the files and records of the case." United States v. DiCarlo, 575 F.2d 952, 954 (1st Cir.), cert. denied, 439 U.S. 834 (1978) (internal quotation marks and citation omitted). The motion here involves only the application of certain principles of law to largely undisputed facts. Thus, the rule that material issues of fact may not be decided without an evidentiary hearing is not applicable. See id. "Moreover, if the claim is based upon facts with which the trial court, through ... observation at trial, is familiar, the court may make findings without an additional hearing.... " Id.
 
 
 3
 2. This brings us to the second issue-petitioner's assertion that the district court judge should have recused himself. Again, petitioner did not raise this claim below. The only basis for this claim is that the Sec. 2255 motion required the judge to make a new factual determination on a question as to which he already had made an allegedly erroneous finding. "Prior adverse rulings alone cannot, of course, be the basis for a motion to recuse." Panzardi-Alvarez v. United States, 879 F.2d 975, 984 (1st Cir. 1989), cert. denied, 493 U.S. 1082 (1990). It also is not sufficient to merely allege that a judge is biased because he had been involved in petitioner's trial. Id. at 985. Aside from the claim of the allegedly erroneous ruling, petitioner fails to present any facts that would establish bias on the judge's part. Finally, it is appropriate for a judge to determine that a Sec. 2255 motion can be denied without a hearing even if he was the judge at trial. See id.
 
 
 4
 The judgment of the district court is affirmed.